IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CHRISTOPHER FULTS**<br>*Plaintiff*<br><br>-vs-<br><br>**PARNELL MCNAMARA, et. al.**<br>*Defendant* | §<br>§<br>§<br>§    **6:21-CV-00404-ADA**<br>§<br>§<br>§<br>§ |

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S ERRATA SHEET AND, ALTERNATIVELY, TO RE-DEPOSE PLAINTIFF AND MOOTING J. FALCON'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Cpl. B. Moore ("Moore"), J. Anderson (Anderson"), J. Falcon ("Falcon"), Nurse Michelle Fleming ("Fleming") (collectively "Defendants") Motion to Strike Plaintiff's Errata Sheet and, Alternatively, to Re-Depose Plaintiff. ECF No. 51. Plaintiff Christopher Fults ("Fults") opposes the motion. ECF No. 54. Defendants filed a reply to further support their motion. ECF No. 55. After carefully considering the parties' briefs and the applicable law, the Court **DENIES-IN-PART AND GRANTS-IN-PART** Defendants' Motion to Strike Plaintiff's Errata Sheet and, Alternatively, to Re-Depose Plaintiff.

Additionally, before the Court is J. Falcon's Motion for Summary Judgment. ECF No. 48. Before Plaintiff had a chance to respond, J. Falcon was dismissed as a Defendant. ECF No. 52. The Court therefore **DENIES AS MOOT** J. Falcon's Motion for Summary Judgment.

### I.   FACTUAL BACKGROUND

This case arises from a 42 U.S.C. § 1983 claim for deprivation, under color of state law, of rights secured by the United States Constitution. ECF No. 1 ¶ 1. Plaintiff filed his initial handwritten complaint while confined in McLennan County Jail as a federal pre-trial detainee. *Id.*

1

¶ 3. Subsequently, Plaintiff was transferred to FCI Victorville, California, which engendered difficulties in scheduling and communication with his counsel. ECF No. 54 at 1. Plaintiff was deposed on January 25, 2023. ECF No. 51 at 2. Following the deposition, while in FCI Victorville, Plaintiff's receipt of legal mail was delayed significantly, and communication was complicated because the prison's phone lines were down for a period. *Id*. This Court granted Plaintiff's *Unopposed* Emergency Motion to Continue Deadlines and Modify Scheduling Order on March 15, 2023—the same day the motion was submitted—based on the difficulty faced in communicating with counsel. ECF No. 49 at 4; ECF No. 50. Notably, the unopposed emergency motion to continue deadlines extended the deadline for Plaintiff to submit deposition errata under Federal Rule of Civil Procedure 30(e) to April 7, 2023. ECF No. 50. Plaintiff submitted a handwritten errata sheet detailing twenty-three changes to his deposition testimony on April 7, 2023. ECF No. 51-1; ECF No. 51 at 2. Defendants submitted the motion addressed in this Order, seeking to strike twenty-two of the twenty-three changes Plaintiff made to his testimony via errata sheet, on April 13, 2023. ECF No. 51 at 11. Plaintiff responded to Defendants' Motion on April 24, 2023. ECF No. 54 at 4. Defendants submitted a reply on May 1, 2023. ECF No. 55 at 6.

In the period before Plaintiff's Unopposed Emergency Motion to Continue Deadlines and Modify Scheduling Order was entered, Defendant Falcon filed a Motion for Summary Judgement on March 3, 2023. ECF No. 48 at 15. Subsequently, the parties filed a Stipulation of Dismissal of Defendant Falcon on April 14, 2023. ECF No. 52 at 1. Defendant Falcon's Motion for Summary judgment is therefore **MOOT**.

## II.   LEGAL STANDARD

Changes made to a deponent's transcript by errata sheet are governed by Federal Rule of Civil Procedure 30(e). The rule provides:

> **(1)** *Review; Statement of Changes*. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> **(A)** to review the transcript or recording; and
> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e). Courts have varied in their interpretation of Rule 30(e), resulting in two differing approaches applied by circuit courts and federal district courts. *See Benavidez, v. Oil Patch Group, Inc.*, No. MO20CV00249DCRCG, 2022 WL 2912592, at *1–*2 (W.D. Tex. Mar. 11, 2022) (describing the competing views resulting from courts' divergent interpretation of the rule).

The majority applies the broad interpretation of Rule 30(e) illustrated in *Lugtig v. Thomas*. 89 F.R.D. 639, 641 (N.D. Ill. 1981). This approach relies on the plain language of the rule, recognizing its contemplation of "changes in form or *substance*." *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-CV-109, 2009 WL 424773, at *2; Fed. R. Civ. P. 30(e). Notably, the language fails to place limitations on the type of changes permitted, nor does it require examination of the "sufficiency, reasonableness, or legitimacy of the reasons for the changes." *Lugtig*, 89 F.R.D. at 641 (citing *Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337, 340 (S.D.N.Y.1970)). Therefore, courts following the majority approach have found Rule 30(e) permits deponents to make any—substantive or corrective—changes, even if the changes are contradictory to the original answer or lack a convincing explanation. *Summerhouse v. HCA Health Servs. of Kansas*, 216 F.R.D. 502, 504 (D. Kan. 2003).

As noted in *Lugtig*, two safeguards exist that prevent abuse of Rule 30(e) under the majority's broad interpretation. 89 F.R.D. at 641–42. First, the original answer remains in the record and may be addressed at trial, which subjects the original answers, changes, and reasons to examination by the fact-finder. *Reilly v. TXU Corp.*, 230 F.R.D. 486, 490 (N.D. Tex. 2005).

Second, deposition may be re-opened, allowing deposing counsel to ask follow-up questions about the changes, their origins, or the reason for them. *Id*. Generally, courts adopting the majority approach implement one or both of these corrective mechanisms. *Reilly*, 230 F.R.D. at 490.

In contrast, courts espousing the minority view construe Rule 30(e) as exceedingly narrow. This line of case law principally derives from the holding of *Greenway v. International Paper Company*. 144 F.R.D. 322, 325 (W.D.La.1992). Under *Greenway*, one may not substantively alter testimony given under oath. *Id*. Thus, only transcription errors may be corrected, and "changes [made] because the deponent lied, misspoke, or otherwise wants to change or clarify his testimony" are not permitted. *Summerhouse*, 216 F.R.D. at 505.

The Fifth Circuit has not explicitly endorsed either approach, though other circuits have. *Benavidez*, 2022 WL 2912592, at *2; *compare Thorn v. Sundstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000) (holding that a substantive contradictory change is "impermissible unless it can plausibly be represented as the correction of an error in transcription") *with Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 103 (2d Cir. 1997) (holding that the language of Rule 30(e) places no limitation on changes in form or substance by errata sheet to a deposition transcript). However, the Fifth Circuit has stated: "Counsel argues on appeal that Relator was entitled to submit an errata sheet and make substantive changes to her deposition under Federal Rule of Civil Procedure 30(e). We do not necessarily disagree." *Id*. (quoting *Gonzalez v. Fresenius Med Care N. Am.*, 689 F.3d 470, 480 (5th Cir. 2012)). This suggests the Fifth Circuit endorses the majority interpretation of Rule 30(e), allowing substantive changes by errata sheet to a deposition transcript.

### III. DISCUSSION

**A.  Motion to Strike the Errata Sheet**

    **1.  Substantive Errata Changes**

4

This Court adopts the broad, majority approach regarding substantive changes, and finds that Plaintiff's changes were proper. Defendants urge this Court to adopt the minority view, relying heavily on *Greenway*'s interpretation of Rule 30(e), which disallows substantive changes to deposition testimony. ECF No. 51 at 2–3. Specifically, Defendants' objection to the errata changes primarily rests on their classification as substantive or significant, rather than corrective. *Id*. at 5–10. In contrast, Plaintiff advocates for the broader interpretation employed by the majority, contending that the rule "allows changes in form or substance to a transcript of a deposition." ECF No. 54 at 2 (internal quotation marks omitted).

The Court agrees with Plaintiff (and direction from 5th Circuit as discussed above) that the broader interpretation of Rule 30(e) should be employed, due to its adherence to the plain language of the rule itself. Rule 30(e) contemplates changes both in "form" and "*substance*." *See* Fed. R. Civ. P. 30(e); *Raytheon*, 2009 WL 424773, at *2. Notably, this interpretation allows substantive changes *including* those that contradict original testimony or lack a convincing explanation. *Summerhouse*, 216 F.R.D. at 504; *Benavidez*, 2022 WL 2912592, at *1. Therefore, all twenty-three of Plaintiff's changes are permitted under the rule. Further, adopting the broader interpretation of Rule 30(e) "furthers the purpose of the discovery process," which is "to elicit the true facts of a case before trial." *Reilly*, 230 F.R.D. at 490. Here, twenty of the twenty-two contested changes were instances where Plaintiff failed to recall facts during the deposition which were able to be supplemented after his memory was refreshed. This "furthers the purpose of the discovery process" by ensuring factual accuracy. Finally, this Court finds that allowing the original answers to remain in the record is an adequate remedy for any perceived prejudice created by the changes. Therefore, Plaintiff's changes to the errata sheet were proper.

    2.        **Procedural Requirements of Errata Changes**

This Court holds that failure to meet the procedural requirements of Rule 30(e) is not a dispositive reason to strike Plaintiff's errata changes. Defendants argue that the submitted errata changes fail to "meet the standards set by" Rule 30(e). ECF No. 51 at 10. Defendant asserts that the handwritten errata sheet is "illegible, unintelligible, inconsistent, nonresponsive, incomplete, and impossible to understand." *Id*. at 10. In response, Plaintiff contends that "the reason for the changes is self-evident—he did not recall at the time of his deposition, and now he does." ECF No. 54 at 4. Additionally, Plaintiff offers to supplement any of the errata changes Defendant cannot discern. *Id*. at 3. Defendants object to supplementation, asserting that it permits yet another opportunity to change the deposition testimony, and argues that the stated reason for the changes is inadequate because Plaintiff testified that the complaint was reviewed prior to the deposition and each deviation from the original complaint was not corrected. ECF No. 55 at 3–4.

Though Rule 30(e) articulates procedural requirements for submitting errata sheet changes to deposition testimony, courts have not found failure to meet these dispositive. *See Foutz v. Town of Vinton*, 211 F.R.D. 293, 295 (W.D.Va. 2002) (holding that one stated reason for all submitted changes under Rule 30(e) is adequate); *see Raytheon*, 2009 WL 424773, at *2 (declining to strike an errata sheet that was technically untimely where parties were given ample notification and presented no objection). Similar to the court in *Eicken v. USAA Federal Savings*, this Court finds that contemporaneous failure to submit reasons for the changes does not warrant striking the errata sheet because allowing the original answers to stay on record is an adequate remedy. 498 F. Supp. 2d 954, 961 (S.D. Tex. 2007). Moreover, the "sufficiency, reasonableness, or legitimacy of the reasons for the changes" need not be examined by the Court. *Lugtig*, 89 F.R.D. at 641 (citing *Allen & Co. v. Occidental Petroleum Corp.*, 49 F.R.D. 337, 340 (S.D.N.Y.1970). Thus, Plaintiff's reasoning—remembering more facts when reviewing documents in preparation of the errata

sheet—meets the threshold of Rule 30(e). Rule 30(e) does not require a court to strike handwritten deposition changes by errata sheet, despite complaints of illegibility and incompleteness. Instead, the party making the changes may be re-deposed to answer questions about testimony that remains indecipherable or incomplete, allowing for clarification regarding the change itself, the origins of the change, and the reason for the change. *Reilly*, 230 F.R.D. at 490; *see Lugtig*, 89 F.R.D. at 642. The Court also notes that Plaintiff is still in prison, and affords more flexibility given his limited resources to make changes to his errata sheet. Finally, Defendants *agreed* to extend deadlines to submit the errata sheet, so any complaints of prejudice based on that ring hollow. Here, the Court rules that Plaintiff may be re-deposed to remedy any alleged procedural deficiencies, but that Plaintiff's reasoning is sufficient.

### 3. Errata Changes with Regard to Motions for Summary Judgment

Finally, Defendants point to the Motion for Summary Judgment filed by Defendant Falcon to support their motion, arguing that "[c]ourts are less forgiving of changes made after summary judgment motions are filed." ECF No. 51 at 3. However, because the language of Rule 30(e) does not express an interpretational dependency on pending motions, changes made under the rule "are permitted without regard to the pendency of a summary judgment motion," though the changes may face a higher standard of review where summary judgment may be affected. *Summerhouse*, 216 F.R.D. at 507–08. Significantly, the parties have stipulated dismissal for Defendant Falcon, mooting his Motion for Summary Judgment. *See* ECF No. 52. Thus, as Plaintiff correctly indicates, the motion is irrelevant and does not factor into this Court's assessment of the present motion to strike Plaintiff's errata sheet. Further, even assuming the motion had retained its relevancy, its pendency would not have been dispositive in granting the present motion to strike. Though errata sheets may not be used to push a case to trial where the client no longer adheres to the allegations

supporting the claim, "substantive missteps in deposition testimony… may be corrected." *Gonzales*, 689 F.3d at 480. Furthermore, the two safeguards outlined in *Lugtig*, which continue to be utilized regularly by courts adopting the broader approach, serve to prevent this type of abuse. *See* 89 F.R.D. at 641–42. The Court finds that the pendency of the Motion for Summary Judgment has no bearing on its decision.

### B. Defendants' Alternate Request to Re-Depose Plaintiff

Alternatively, Defendants ask the Court to re-open Plaintiff's deposition "to address, inter alia, the changes Plaintiff made to his testimony." ECF No. 51 at 3. Considering the number and substantive nature of Plaintiff's changes, the Court agrees that re-opening the deposition is an appropriate remedy. *See Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F.Supp.2d 95, 121 (D.Mass. 2001) (finding that twenty-two corrections warranted re-deposing the party submitting errata changes). Moreover, re-opening the deposition also remedies Defendants' complaints regarding the answers they find indecipherable or incomplete and allows further inquiry regarding the reasons for the changes. As expressed in *Reilly*, the scope of the re-opened deposition is limited to inquiry about the origins of the changes, the reasons for the changes, and the changes themselves, including follow-up questions. 230 F.R.D. at 491. Therefore, Defendants' Motion to Re-Depose Plaintiff is **GRANTED**.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES AS MOOT** J. Falcon's Motion for Summary Judgment. ECF No. 48. Further, Defendants' Motion to Strike Plaintiff's Errata Sheet and, Alternatively, to Re-Depose Plaintiff is **DENIED-IN-PART** and **GRANTED-IN-PART**. ECF No. 51. Defendants' Motion to Strike Plaintiff's Errata Sheet is **DENIED**. Defendants' Motion to Re-Depose Plaintiff is **GRANTED**.

**IT IS THEREFORE ORDERED** that Plaintiff's deposition shall be re-opened within 30 days from the date of this Order at a date, time, and place mutually convenient to the parties. The parties must notify the Court as to the chosen date, time, and place that the reopening is to occur.

**IT IS FURTHER ORDERED** that the deposition shall be re-opened for the limited purpose of inquiring into the deposition changes, the reasons for the changes, and where the changes originated, i.e., with Plaintiff or counsel. Follow-up questions to the changed answers will also be permitted.

All relief not expressly awarded is hereby **DENIED**.

**SIGNED** this 23rd day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE